■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN STEPHENS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 14, 1983, convicting him of

attempted murder in the second degree and criminal posses-
sion of a weapon in the second degree, after a nonjury trial,
and imposing sentence.

Judgment affirmed.

The record indicates that the People met their burden of
disproving the defendant's justification defense beyond a rea-
sonable doubt (see, People v Reed, 40 NY2d 204). There was a
view of the evidence from which the fact finder could conclude
that it was the defendant who was the initial aggressor and
that he did not fire his gun in self-defense (see, Penal Law
§ 35.15 [1] [b]).

The trial court did not err by allowing the defendant's
intended victim to testify about a robbery committed by the
defendant which occurred approximately two weeks prior to
the incident in question, because the testimony was probative
of the defendant's motive and intent to shoot the victim (see,
People v Molineux, 168 NY 264, 293; People v Smalls, 94 AD2d
777).

Under the circumstances of this case, the defendant's sen-
tence was not excessive. The defendant's remaining contention
is unpreserved (see, People v Ford, 62 NY2d 275; People v
Weissinger, 104 AD2d 917), and, in any event, without merit.
Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.