■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN B. HALL, Appellant.—Casey, J.

Defendant was indicted for operating a motor vehicle with at least .10% of alcohol in his blood (Vehicle and Traffic Law § 1192 [2]) and operating a motor vehicle in an intoxicated condition (Vehicle and Traffic Law § 1192 [3]), both as felonies. After his conviction on both charges, he was sentenced to 60

days' imprisonment, five years' probation and fined $500. At trial defendant did not testify or produce any witnesses on his behalf. After the defense had rested, County Court stated that it would entertain requests to charge from the parties on the following morning. At that time defense counsel requested that the jury be charged "the usual one about a defendant not taking the stand". The court indicated that it would "be glad to charge that". Despite defendant's request and the court's expressed willingness to charge in this regard, it neglected to charge that part of CPL 300.10 (2) which provides that defendant's failure to testify in his own behalf "is not a factor from which any inference unfavorable to the defendant may be drawn" when the jury was charged later in the afternoon of the same day. County Court did charge, however, that part of the statute dealing with the presumption of defendant's innocence and the fact that defendant is in no way obligated to call any witness on his behalf, and that the prosecution bore the burden of proving defendant's guilt beyond a reasonable doubt. At the conclusion of the charge, the court stated to the attorneys "we had requests to charge, which I took, and I think I took into account during the charge. Are there any further requests to charge?" The only request then made by defense counsel concerned the breathalyzer test and is not relevant here. No additional request was made by defense counsel concerning defendant's failure to take the stand; nor was any exception taken to the court's failure to so charge. The exception that was taken dealt only with the court's charge of the lesser included offense of driving while impaired under the driving while intoxicated count of the indictment.

On this appeal, defendant principally argues that County Court's failure to charge that no unfavorable inference can be drawn from defendant's failure to take the stand, as initially requested by defense counsel and promised by the court, constitutes reversible error per se. We disagree.

In *People v Britt* (43 NY2d 111), the Court of Appeals reversed a defendant's conviction based upon the trial court's failure to comply with defense counsel's request to instruct concerning defendant's failure to testify, pursuant to CPL 300.10 (2). The court declared *(supra,* at p 113) "that the statutory direction to charge this specific language, where a proper request is made, is mandatory and, except in circumstances not now contemplable, immune to harmless error analysis". In contrast to the *Britt* case, County Court herein expressly agreed to charge the requested statutory language, and its subsequent failure to do so must be viewed as an

inadvertent omission rather than an implicit denial of the request *(cf.* CPL 470.05 [2]). With similar circumstances prevailing, the Court of Appeals recently explained in *People v Whalen* (59 NY2d 273, 280): "When a Judge grants a request to charge and then fails to deliver the charge as requested, the requesting party has an obligation to draw the error to the Judge's attention. Inasmuch as defendant's request was initially granted and his comments after the charge did not alert the Trial Judge to the error so as to afford an opportunity to correct himself, defendant must be deemed to have waived any objection". We think the same rationale applies to this case and, therefore, a question of law has not been preserved for our review. Nor do we find the omission such that reversal is required in the interest of justice.

Having examined defendant's other contentions, we find them either unpreserved or without merit. The judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.