■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE T. SEMMLER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 12, 1985, upon a verdict convicting defendant of the crime of burglary in the second degree.

At issue is whether the evidence offered at trial, entirely circumstantial in nature, was sufficient to sustain the verdict. Viewing the evidence in a light most favorable to the prosecution and drawing from it every reasonable inference (see, People v Way, 59 NY2d 361, 365), we conclude that defendant's guilt was proven beyond a reasonable doubt.

The proof at trial established that defendant, a barroom acquaintance of one of the victims and who had been using an alias, appeared at the victims' doorstep the day before the theft; was invited in and thereby afforded opportunities to observe the two Santa Claus banks, approximately 12 inches tall and 6 inches in circumference and each containing several hundred dollars of coins, that were subsequently stolen; and inquired as to when the victims, who were leaving the next day for a one-day trip, would be departing from and returning to their home. Only the defendant, a daughter and a son-in-law knew of the victims' absence on the day of the theft. That day, defendant redeemed $10 worth of quarters, $10 worth of dimes and $4 worth of nickels for currency at a local bar. The following day, when in the presence of a witness, one of the victims confronted defendant and accused him of being the burglar. Defendant attempted to explain away the incident by telling the witness the victim was a patient at Binghamton Psychiatric Center where defendant worked. In fact, the victim had never been such a patient nor had defendant ever been employed there. When the victim called the police, defendant left. Thereafter defendant asked another acquaintance to provide him with an alibi to enable defendant to account for the large number of coins he had. Still later, when questioned by the police and asked to empty his pockets, defendant produced $3 to $4 in change and three $1 bills; one bill was inscribed "Happy Mother's Day, love Junie", matching the description of a bill contained in one of the stolen coin banks; Junie is the nickname of one victim's grandson.

Taking the evidence as a whole, we deem it sufficient to allow a jury, weighing the credibility of the various witnesses, to be morally certain that defendant committed the crime charged (see, People v Benzinger, 36 NY2d 29, 32). We find that the verdict is supported by legally sufficient evidence, which is

amply probative of defendant's guilt *(see, People v Bleakley,* 69 NY2d 490).

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.