■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HENTLEY, Appellant.—Judgment, Supreme Court, Bronx County (Fred Eggert, J., at hearing; Steven Barrett, J., at trial and sentence), rendered September 23, 1987, convicting the defendant upon a jury's verdict of attempted sodomy in the first degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree, for which defendant was sentenced as a second felony offender to concurrent terms of incarceration of 7½ to 15

years and two definite terms of one year, respectively, unanimously affirmed.

Defendant's claim that the court failed to make an appropriate inquiry into a jury note asking "what can be done when you feel that there is a personal prejudice among jurors" is not preserved for review as a matter of law. Counsel never objected, nor made any request with respect to the instruction which the court issued in response to the note. (CPL 470.05 [2]; *People v Gruttola,* 43 NY2d 116, 123 [1977].) A plain reading of this note does not indicate that a juror or jurors exhibited prejudice to the defendant in a manner which may have deprived defendant of a fair trial, as to warrant review in the interest of justice. Nor has defendant preserved his claim that juror number 6 purportedly lied during voir dire when she concealed that she had been the victim of a rape under similar circumstances.

The court, in any event, was not in error in denying defendant's motion to set aside the verdict on this basis. Defendant may not seek to impeach the jury's verdict with a juror's hearsay affidavit. This affidavit purported to report that juror number 6 had expressed bias against the defendant by reference to her own past victimization. However, a jury verdict ordinarily may not be impeached by a statement of what transpired during deliberation. *(People v Morales,* 121 AD2d 240 [1st Dept 1986], *appeal withdrawn* 68 NY2d 766 [1986].) The narrow exception accorded to improper outside influences does not exist here. *(Compare, People v Morales, supra, with People v Rukaj,* 123 AD2d 277 [1st Dept 1986].) Here, there was no jury note indicating that the jury could not reach a verdict because of racial prejudice, or testimony by a juror that she was harassed by violence and threats into changing her vote from acquittal to guilty, such as would have warranted further inquiry by the trial court *(see, e.g., People v Rukaj, supra,* at 279).

Defendant's claim that the prosecutor failed to disclose notes of her interview with the complainant is not preserved as a matter of law. The trial transcript indicates only that, when asked whether the Assistant District Attorney had memorialized an interview by taking notes, the complainant responded, "I don't remember, she may have." An off-the-record colloquy ensued. However, there is no indication that counsel specifically raised a *Rosario* claim *(People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), and no application for a mistrial was made on this basis. It is the appellant's burden to present a clear factual record for review

*(People v Olivo,* 52 NY2d 309, 320 [1981]). Defendant has therefore failed to present this court with a reviewable claim *(People v Simonds,* 140 AD2d 236, 239 [1st Dept 1988], *affd* 73 NY2d 945 [1989]).

Defendant has not demonstrated that the trial court abused its discretion in determining that a written exculpatory statement made by defendant in a different precinct an hour after his spontaneous oral inculpatory statement was inadmissible hearsay and was independent of the oral statement. The court did not err in precluding its introduction into evidence as defense counsel failed to demonstrate that the written statement fell within a recognized exception to the hearsay rule *(People v Thomas,* 68 NY2d 194, 197 [1986]). This was not a situation where a court improperly permitted introduction into evidence of an inculpatory statement but precluded inquiry into the exculpatory portions of that statement *(see, e.g., People v Dlugash,* 41 NY2d 725 [1977]).

Defendant has also failed to preserve his claim that the court erred by failing to instruct the jury that it may not consider, as evidence of defendant's consciousness of guilt, that his codefendant directed threats against the complainant if she continued to participate in the prosecution of the case. The court initially promised to provide this instruction. Despite repeated inquiry by the court as to whether counsel had any requests for instructions, or excepted to those given, defense counsel did not bring up this instruction again until appeal.

Defendant's challenge to the prosecutor's comments made in summation, in the main, either is unpreserved as a matter of law (CPL 470.05 [2]) or is without merit. We note in passing that among the claims which are preserved, defendant contends that the District Attorney violated the "unsworn witness rule" in making certain personal references during her questioning of witnesses and in summation. While we find that certain of these remarks were, perhaps, better left unsaid, they stemmed from defense counsel's reference to the Assistant District Attorney's role in the proceedings. It was defense counsel who unduly emphasized and elaborated upon the Assistant District Attorney's participation in earlier phases of the prosecution. *(See, People v Rukaj, supra,* at 281.)

We have examined defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.