THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTISS L. WILSON, Appellant.—Judgment unanimously affirmed. Memorandum: None of defendant's contentions is meritorious. The court, contrary to defendant's assertion, did charge the fourth count of the indictment; thus, there is no basis for reversing the conviction under that count.

Immediately after the court sustained defense counsel's objection to a response elicited by him on cross-examination of a police witness, defense counsel asked for a curative instruction. The court agreed to give the instruction, but neglected to do so in its charge to the jury. Not having reminded the court of its agreement and having failed to object to the court's instructions as given, defense counsel failed to preserve the issue for appellate review *(see, People v Whalen,* 59 NY2d 273, 280; *People v Hall,* 124 AD2d 336, *lv denied* 69 NY2d 746; *People v Gilmer,* 96 AD2d 679).

We agree with the trial court that the prosecutor's failure to preserve evidence by releasing the wrecked automobile to the owner, a cousin of defendant's wife, does not warrant the drastic remedy of dismissal *(see, People v Kelly,* 62 NY2d 516). The automobile was available to defendant for inspection for some time after the fatal accident and defendant, on his motion to dismiss the indictment, submitted only conclusory

statements that he was prejudiced by the release of the automobile.

Finally, we determine that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). (Appeal from judgment of Yates County Court, DePasquale, J. —criminally negligent homicide.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.