(March 22, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS NOCERINO, Appellant.—Judgment, Supreme Court, New York County (Herman Cahn, J.), rendered April 28, 1987, convicting defendant, upon his plea of guilty, of grand larceny in the second degree and sentencing him to time served, unanimously affirmed.

Defendant moved to dismiss his indictment on the ground of unconstitutional prearrest delay. The hearing court found that the preindictment period began on July 30, 1982, when the State Insurance Fraud Bureau first received the insurance company's complaint about defendant. The court also determined that the eight-month period from indictment to arrest was not chargeable to the prosecution since defendant was "unavailable" pursuant to CPL 30.30 (4). After considering the factors listed in *People v Taranovich* (37 NY2d 442, 445), the court held that defendant's due process rights had not been violated by the preindictment delay.

As the record reveals, that eight-month period between defendant's indictment and his arrest was the result of the prosecution's inability to locate defendant despite a diligent search. Thus, the relevant time period chargeable to the People is only 20 months (July 1982 to March 1984). Defendant claims the eight-month delay should be attributable to the prosecution since the prosecutor knew where defendant was early in the investigation, but did not indict and arrest him at that time. However, prosecutors are not required to file charges as soon as probable cause exists. *(United States v Lovasco,* 431 US 783, 791-792.) They may exercise discretion in the timing of criminal prosecutions. *(People v Bonsauger,* 91 AD2d 1001, 1002.)* Here, the prosecutor reasonably continued his investigation on the other illegal activities of defendant since it was possible that these other illegal activities were related to the insurance fraud charges. *(See, People v Singer,* 44 NY2d 241, 254.) In fact, premature indictment might have hampered the investigation of the new charges. *(See, People v Bryant,* 65 AD2d 333, 338.) Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.