■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 12, 1989, convicting him of burglary in the second degree, petit larceny, criminal mischief in the fourth degree, possession of burglar's tools, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that there was no probable cause to support his arrest and subsequent search, during which inculpatory evidence was discovered, is without merit. Probable cause to arrest exists if the facts and circumstances

known to the arresting officer would lead a reasonable person possessing the same expertise as the arresting officer to conclude that it is more probable than not that the suspect has committed or is committing a crime (see, People v Bigelow, 66 NY2d 417, 423; People v Carrasquillo, 54 NY2d 248, 254). Here, the arresting police officer received a radio communication reporting a burglary in progress at 77 Groton Street. While driving to that location, he observed the defendant about three houses from that address. The officer recognized the defendant as a man he had arrested for a burglary only a few months earlier. When the defendant saw the police car, he quickened his pace. The officer made a U-turn, drove up behind the defendant, and called him over. He noticed colored glass and lead fragments in the defendant's hair. He was also aware of other burglaries in the area where entry had been gained by breaking stained-glass windows. He asked the defendant to stand against the car and gave him a quick "safety frisk" for weapons; none were found. While this frisk was taking place, the police officer received a radio call from a fellow police officer which confirmed that the residence in question had been broken into and that entry had been gained by breaking a stained-glass window. The defendant was then placed under arrest and searched. Under all these circumstances, we find the arrest and search were supported by probable cause. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.