■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY DURIO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered September 18, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 16 years to life for murder in the second degree to run consecutively to an indeterminate term of 5 to 10 years imprisonment for criminal possession of a weapon in the second degree, and (2) by permission, from an order of the same court dated June 30, 1989, which denied his *pro se* motion pursuant to CPL article 440 to vacate the judgment of conviction, or, to grant a hearing on the ground of ineffective assistance of counsel at trial. The appeal from the judgment brings up for review the denial, after a hearing, of an application by the defendant for the suppression of a statement made by the victim before he died.

Ordered that the judgment is modified, on the law, by providing that the sentences imposed upon the convictions of murder in the second degree and criminal possession of a weapon in the second degree shall run concurrently; as so modified, the judgment is affirmed; and it is further,

Ordered that the order dated June 30, 1989, is affirmed.

On August 29, 1985, at approximately 1:30 A.M., the defendant and Angel Vargas, in an apparent effort to purchase some drugs, drove to Nathaniel Burgos's home. Burgos was not home, so the defendant and Vargas waited for him to return. At approximately 4:30 A.M., Burgos returned home. While Vargas waited, leaning on a car, the defendant approached Burgos on the sidewalk and an argument ensued. The defendant then pulled out a gun and shot Burgos twice in the back, causing his death. Vargas fled once he saw the defendant pull out a gun. The defendant was charged with

and convicted of murder in the second degree and criminal possession of a weapon in the second degree. The court sentenced the defendant to 16 years to life imprisonment for murder in the second degree and 5 to 10 years imprisonment for criminal possession of a weapon in the second degree. The court directed that these two sentences run consecutively to each other but concurrently with a 4½ to 9 year term of imprisonment to which the defendant had been sentenced for a previous crime.

The defendant contends that he was denied a fair trial by the introduction of testimony concerning his alleged prior criminal act in which he robbed Burgos approximately two weeks prior to the shooting. At trial, Elizabeth Cruz, a woman who had been living with Burgos, testified that approximately two weeks prior to the shooting, the defendant and two accomplices entered Burgos's apartment and tied up Burgos and Cruz. The defendant and his two cohorts then searched the apartment looking for drugs, money, and a gun. During this robbery, Burgos allegedly managed to escape and ran out of the apartment. The defendant and his cohorts apparently left when they realized that Burgos would call the police. Sometime after the robbery, the defendant allegedly told Cruz that the police had been looking for him because Burgos had informed the police about the robbery. At trial, Vargas testified that immediately prior to the shooting, he heard the defendant and Burgos argue "about * * * tying up someone's wife or girl". Since the evidence of the defendant's prior crime was probative of the defendant's motive to kill Burgos, it was properly admitted at trial (see, People v Molineux, 168 NY 264, 293; People v Stephens, 119 AD2d 777, 778).

The defendant next contends that the court erred in failing to deliver a charge concerning the limited purpose for which evidence of prior crimes was introduced. During the charge conference, the defense counsel requested specific language for this charge which the court refused. Instead, the court offered to deliver, in effect, the standard charge for this situation. However, when the court delivered its charge, it failed to include any instruction concerning the limited purpose for which evidence of prior crimes was introduced. After the conclusion of the charge, the defense counsel failed to bring this omission to the court's attention. Accordingly, this issue is not preserved for appellate review since once the court effectively granted the request to charge and then failed to deliver the charge, the defense was obligated to draw this

error to the court's attention to afford the court an opportunity to correct it *(see, People v Whalen,* 59 NY2d 273).

We find that the court properly admitted Burgos's statement as an excited utterance. After Burgos had been shot, Cruz spoke with him as he lay bleeding on the sidewalk. During the first conversation, Burgos asked Cruz to call an ambulance and to get him some soda. After Cruz had called for an ambulance and brought him some soda, Burgos attempted to drink the soda but could not. At this point, the police at the scene asked Cruz to ask Burgos, who apparently only spoke Spanish, who shot him. Cruz asked Burgos this question to which Burgos stated that the defendant shot him. This statement was made approximately five minutes after the shooting. During and after this comment, Burgos repeatedly told Cruz that he was in pain and that he was dying. Since this statement was made only five minutes after Burgos had been shot twice in the back and was made while he was experiencing extreme pain, it is clear that he made this statement while under the "stress of excitement" caused by the startling event of being shot *(see, People v Edwards,* 47 NY2d 493, 496-497). Accordingly, the court properly admitted this statement under the excited utterance exception to the hearsay rule. Having concluded that Burgos' statement was properly admitted at trial, we need not address whether this statement qualified as a dying declaration.

The defendant contends that the court erred in failing to charge the jury that Angel Vargas was an accomplice as a matter of fact and/or law whose testimony required corroboration. We note that the defense counsel did not request an accomplice as a matter of fact charge and when the court specifically asked the defense counsel if he wanted such a charge, the defense counsel stated that he did not. Accordingly, the defendant has waived his claim on appeal concerning the accomplice as a matter of fact charge *(see, People v Vasquez,* 134 AD2d 468). Furthermore, because there was no evidence adduced at trial from which it could be inferred that Vargas participated in the planning or execution of the shooting of Burgos, the court properly determined that Vargas was not an accomplice as a matter of law *(see,* CPL 60.22; *see also, People v Strawder,* 124 AD2d 758, 759). Accordingly, the court did not err in failing to deliver an accomplice as a matter of law charge.

The defendant's contention that he did not receive the effective assistance of counsel at trial is also without merit. The record reveals that he received meaningful representation

at trial *(see, People v Baldi,* 54 NY2d 137, 146). Defense counsel made the appropriate pretrial motions, vigorously cross-examined the People's witnesses and forcefully set forth the defense's case in his summation. Considered as a whole, defense counsel's performance was sufficiently competent to satisfy the defendant's constitutional right to effective assistance of counsel.

The trial court was correct in denying the defendant's motion brought pursuant to CPL 440.30 (5) since the factual basis upon which it was premised was not contained in sworn allegations tending to substantiate the essential facts. Accordingly, we cannot say that the court improvidently exercised its discretion in denying the motion without a hearing *(see,* CPL 440.30 [4], [6]).

However, the sentence imposed was improper because the murder and weapon charges arose out of a single act and, therefore, consecutive sentences are improper *(see, People v Terry,* 104 AD2d 572, 573). Accordingly, the sentences imposed upon the convictions of murder in the second degree and criminal possession of a weapon in the second degree are modified to run concurrently.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kooper, Lawrence and Miller, JJ., concur.