■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 24, 1989, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the arresting officers tailored their testimony at the suppression hearing in order to establish a sufficient factual predicate for his arrest, and that the hearing court erred in crediting their testimony. Resolution of issues of credibility, as well as the weight to be accorded to

the evidence presented, are primarily questions to be determined by the trier of fact who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The hearing court's determination must be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Although the testimony of the officers contains factual inconsistencies, upon the exercise of our factual review power, we are satisfied that the findings of the hearing court were not against the weight of the evidence *(see, People v Ward,* 175 AD2d 819). Here, the evidence that was credited by the hearing court was sufficient to establish probable cause for the defendant's arrest *(see, People v McRay,* 51 NY2d 594).

The defendant's sentence was neither harsh nor excessive *(see, People v Kazepis,* 101 AD2d 816) and we find no circumstances warranting a reduction *(People v Suitte,* 90 AD2d 80, 86). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.