■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENEIVA BRENFIELD, Appellant.—Appeals by the defendant from a judgment of the Supreme Court, Kings County (Star-

key, J.), rendered July 8, 1987, convicting her of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing a sentence of three years probation with a term of 30-days imprisonment as a condition thereof and to run concurrently thereto, and an amended judgment of the same court, rendered June 26, 1990, revoking the sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, after a hearing, and imposing a determinate term of imprisonment upon her previous conviction of criminal possession of a controlled substance in the seventh degree. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and amended judgment are affirmed.

The defendant was arrested on a weapons charge near the intersection of 96th Street and Clarkson Avenue in Brooklyn, an area known for narcotics-related activity. During a search incident to the arrest, a police officer recovered two packages of cocaine from the defendant's pants pocket. After a hearing on that branch of the defendant's omnibus motion which was to suppress the cocaine, the court determined that there was probable cause to arrest the defendant based on the officer's testimony that he had arrested the defendant after observing the codefendant pass what appeared to be the barrel of a gun to the defendant, who then dropped it upon seeing the officer.

On appeal, the defendant claims that the physical evidence must be suppressed because the hearing court made its determination based on the allegedly patently tailored, incredible testimony of the arresting officer.

However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The hearing court's determination is accorded great weight on appeal and will not be disturbed unless it is clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; see also, People v Gaimari, supra). Here, the findings of the hearing court are supported by the record which demonstrates that probable cause existed for the defendant's arrest (see, People v Ward, 175 AD2d 819). The hearing court having properly found probable cause to support the defendant's arrest, the search incident to the arrest was lawful (see, People

*v Brown,* 173 AD2d 629) and the drugs found on the defendant's person were properly admissible at the trial. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.