■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO FRANCO, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered February 26, 1991, convicting defendant after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of imprisonment of 6 to 12 years, unanimously affirmed.

The undercover officer testified at a hearing that information relative to the amount of money spent, recovered, vouch-

ered, and "returned to fund", as a result of a "buy and bust" operation could be found in numerous reports that were prepared in connection with this case, despite the unavailability of the expense report itself. The trial court ruled that the production of the information constituted a duplicative equivalent. At trial, defense counsel inquired of the undercover officer as to whether he knew where the original expense report had been filed. After the People rested, counsel raised the issue of the failure of the People to produce the expense report, in support of a motion to dismiss. The court denied counsel's motion, noting that it had given counsel generous leeway to raise the absence of the document as a credibility issue.

At the charge conference, defense counsel asked for an adverse inference charge as to the missing expense report. The court ruled that it would tell the jurors "that they may consider all of the evidence or the lack of evidence". After the trial, the court denied defendant's CPL article 330 motion which alleged that the failure to give the negative inference charge was error.

We affirm. The test to be applied is whether the court's action eliminated the possibility of prejudice to the defendant *(People v Kelly,* 62 NY2d 516, 520-522; *People v Martinez,* 71 NY2d 937, 940), and it did so. The accounting for the cash had little relevance to the identification issue presented. The record is clear that the court's actions eliminated prejudice to the defendant *(People v Haupt,* 71 NY2d 929, 931), and did not constitute error.

We have considered defendant's remaining arguments and find them to be both unpreserved and without merit. Concur— Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.