■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD TOWNSEND, Appellant. [597 NYS2d 254] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 20, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Just after midnight on April 7, 1989, Ovise Sprigs, a police informant wearing a body wire transmitter, purchased a $40 bag of cocaine in a well-lit area outside Gibby's Paradise Lounge in the City of Albany. The controlled buy was observed by police detectives John Burke and Kenneth Kennedy using binoculars while seated in an unmarked vehicle several hundred feet away. Detective Timothy Murphy, who was seated in the rear of the vehicle, operated the radio receiver and tape recorder. All three detectives could hear the conversation during the drug transaction as it occurred. Defendant, known to both Sprigs and Kennedy, was indicted for criminal sale of a controlled substance in the third degree. At trial defendant produced alibi proof to show that he was in a bar in the City of Troy, Rensselaer County, at the time of the sale and that he was misidentified as the drug dealer. Defendant also presented an expert sound spectrograph analysis in an

attempt to establish that the voice of the drug dealer on the transaction tape was not his. Finally, he attempted to establish the existence of a longstanding feud between the informant and himself which would make it illogical for them to participate in a drug sale. Defendant has appealed his conviction and the sentence imposed.

The initial contention is that the jury verdict is against the weight of the evidence. While defendant produced both alibi and misidentification evidence, he established at best the existence of factual questions related to his defense. The alibi evidence raised significant credibility issues and the weight attributable to the voice analysis proof was not sufficient to be dispositive on the issue of identification. After weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences which may be drawn and giving due deference to the verdict of the jury, we conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495; *People v Davis,* 147 AD2d 817, 818, *lv denied* 74 NY2d 807).

Defendant offered as evidence the police notes taken by Kennedy which involved several different investigations. The People requested a discussion at the bench which has not been included in the record, at the conclusion of which County Court stated on the record that the "notes are not accepted as evidence at this time". The defense continued without placing on the record the nature of the issue despite an earlier pretrial admonition to do so for appellate purposes. Defendant argues that the notes were improperly rejected as evidence but neither the record, nor defendant on this appeal, has set forth the basis for the proposed introduction, the objection thereto, if any, or the nature of the court's ruling. Accordingly, this issue has not been preserved for our review *(see, People v Olivo,* 52 NY2d 309, 320; *People v Hentley,* 155 AD2d 392, *lv denied* 75 NY2d 919).

Defendant further contends that he was prejudiced by the failure of the prosecution to produce Sprigs' jail records. However, the record before us fails to reflect such request by defendant *(see, People v Vilardi,* 76 NY2d 67, 72; *People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *People v Cwikla,* 46 NY2d 434, 441). Nor does the record suggest that the prosecutor was aware of the jail records *(see, People v Chin,* 67 NY2d 22, 33) or had control of the records, which were in the possession of the Albany County Jail *(see, People v Brown, supra; People v Simmons,* 36 NY2d 126, 131). Because defendant was sufficiently aware of the jail records and able to

subpoena them for trial, and failed to preserve in the record on appeal any objectionable conduct by the prosecution, he has failed to present a reviewable claim to this Court (see, *People v Hentley, supra; People v Waytes,* 107 AD2d 774, 775).

Finally, we see no reason to disturb the 12½ to 25-year prison sentence imposed upon defendant as a second felony offender by County Court (see, *People v Veale,* 169 AD2d 939, affd 78 NY2d 1022).

Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the judgment is affirmed.