■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL POTTS, Appellant. [603 NYS2d 83] —Mercure, J. Appeal from a judgment of the County Court of Broome County

(Mathews, J.), rendered May 15, 1992, upon a verdict convicting defendant of the crime of burglary in the second degree.

On appeal, defendant contends that the jury's verdict was not supported by legally sufficient evidence and that he was impermissibly deprived of an opportunity to confer with his attorney before deciding to take the stand. We disagree and accordingly affirm.

Although there was no direct evidence that defendant entered Clifford Davis' apartment on September 22, 1991 and stole his jewelry, television, VCR, audio cassette player, stereo receiver, speakers and tapes, viewing the evidence in a light most favorable to the People and drawing from it every reasonable inference *(see, People v Way,* 59 NY2d 361, 365; *People v Semmler,* 135 AD2d 870), we conclude that defendant's guilt was proven beyond a reasonable doubt. Defendant and Davis were together in Davis' apartment on the morning of the burglary. The two left together to go to their respective jobs, with the understanding that they would get together again at approximately 9:00 P.M. when Davis got out of work. As it turned out, defendant was fired from his job at 12:38 P.M. and Davis did not return to his apartment until after 3:00 the next morning. A number of trial witnesses established defendant's possession of various of the stolen articles, and defendant was wearing Davis' necklace and ring at the time of his arrest. In addition, following his arrest and at trial, defendant gave various accounts as to how he had come into possession of the property. Given the nature and circumstances of his inconsistent explanations and "[t]aking the evidence as a whole, we deem it sufficient to allow a jury, weighing the credibility of the various witnesses, to be morally certain that defendant committed the crime charged" *(People v Semmler, supra,* at 870).

As a final matter, by failing to raise any objection to the claimed deprivation of his right to privately confer with counsel at trial, defendant has not preserved the issue for our review *(see, People v Townsend,* 193 AD2d 830). Moreover, were we to consider the issue in the interest of justice, the record establishes that, before testifying on his own behalf against the advice of counsel, defendant represented to County Court that he had been provided an opportunity to discuss the matter fully.

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.