■ In the Matter of RONNIE H., a Person Alleged to be a Juvenile Delinquent, Appellant. [603 NYS2d 579] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Sancarelli, J.), dated September 18, 1992, which, upon a fact-finding order of the same court, dated July 20, 1992, made upon his admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated July 20, 1992, and the denial, after a hearing, of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant was stopped in a school hallway by an assistant principal who suspected that he was wearing a stolen jacket, and he agreed to leave the jacket with the principal until it could be identified. When the appellant asked to retrieve his property from the jacket, the principal, in removing the contents from one of the pockets, found a plastic bag

containing four vials of crack cocaine. The appellant moved to suppress the evidence on the ground that the principal's actions constituted an unreasonable search.

As the trier-of-fact, the hearing court's determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Williams, 177 AD2d 526; Matter of Robert S., 159 AD2d 358). The Family Court's finding that the principal did not, in fact, search the appellant's jacket pocket but merely complied with a request for the return of his property, is amply supported by the record. Even assuming, arguendo, that the principal's actions constituted a search, we would find that his actions were reasonable under all the circumstances (see generally, New Jersey v T.L.O., 469 US 325; People v Scott D., 34 NY2d 483). Accordingly, the appellant's suppression motion was properly denied.

We further find that the Family Court did not improvidently exercise its discretion in denying the appellant's requests to adjourn the suppression hearing (see, Matter of Eric W., 68 NY2d 633; Matter of Anthony M., 63 NY2d 270; People v Singleton, 41 NY2d 402). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.