■ In the Matter of MALIK S. J., a Person Alleged to be a Juvenile Delinquent, Appellant. [608 NYS2d 851] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Rockland County (Stanger, J.), entered August 26, 1983, which, upon a fact-finding order of the same court, dated May 21, 1993, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of burglary in the second degree, adjudged him to be a juvenile delinquent, and placed him for a period of 18 months. The appeal brings up for review the fact-finding order dated May 21, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish appellant's guilt beyond a reasonable doubt. The record does not support the appellant's contention that the testimony of the key prosecution witness was so fraught with inconsistencies as to be intrinsically unreliable. Moreover, as the trier of fact, the hearing court's determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Williams, 177 AD2d 526; Matter of Robert S., 159 AD2d 358; People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the finding of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the appellant's remaining contentions and find them to be without merit (see, People v Moulton, 43 NY2d 944; People v Andre W., 44 NY2d 179; see also, Delaware v Fensterer, 474 US 15). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.