■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MORRISON, Appellant. [653 NYS2d 357] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered September 13, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was entitled to an adverse inference charge because the People failed to preserve and make available to him a portion of the prerecorded money, is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Durio,* 175 AD2d 842, 843; *People v Hentley,* 155 AD2d 392, 394; *People v Wilson,* 156 AD2d 1002). In any event, the claim is without merit. The trial court gave the defense counsel generous leeway to raise the absence of the money as a credibility issue, and instructed the jury that it could consider all of the evidence or lack of evidence in reaching its verdict *(see, People v Franco,* 189 AD2d 589, 590). Further, there is no evidence that the defendant was prejudiced. Nor is the defendant entitled to dismissal of the charges based on the failure to preserve the prerecorded money. Dismissal is a drastic remedy for the People's failure to preserve evidence *(see, People v Haupt,* 71 NY2d 929, 931), and there is no basis here for invoking such a remedy.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.