■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN CAYETANO, Appellant. [670 NYS2d 795] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered August 1, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was entitled to an adverse-inference charge because the People failed to safely keep and make available to him a portion of the prerecorded money recovered from his codefendant. This contention, however, is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Durio,* 175 AD2d 842, 843; *People v Hentley,* 155 AD2d 392, 394; *People v Wilson,* 156 AD2d 1002), and in any event, lacks merit. In determining this issue on the codefendant's appeal, this Court stated that the trial court "gave the defense counsel generous leeway to raise the absence of the money as a credibility issue, and instructed the jury that it could consider all of the evidence or lack of evidence in reaching its verdict" (*People v Morrison,* 235 AD2d 501; *see also, People v Franco,* 189 AD2d 589, 590). Further, there is no evidence that the defendant was prejudiced. Nor is the defendant entitled to dismissal of the charges based on the failure to preserve the prerecorded money. Dismissal is a drastic remedy for the People's failure to preserve evidence (*see, People v Haupt,* 71 NY2d 929, 931), and there is no basis here for invoking such a remedy.

The defendant's claim that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not

against the weight of the evidence (*see,* CPL 470.15 [5]). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.