■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HAYNES, Appellant. [674 NYS2d 765] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered January 16, 1996, convicting him of criminal possession of a controlled substance in the first degree and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the findings of the hearing court are supported by the record which demonstrated that probable cause existed for the defendant's arrest (*see, People v Brenfield,* 188 AD2d 477, 478, citing *People v Brown,* 173 AD2d 629; *People v Graves,* 163 AD2d 487). Accordingly, the court properly denied the defendant's motion to suppress the recovered drugs.

The sentence imposed was neither harsh nor excessive (*see, People v Velez,* 222 AD2d 539, 541; *see also, People v Suitte,* 90 AD2d 80, 85-86). The mere fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not indicate that the defendant was punished for asserting his right to proceed to trial (*see, People v Lam,* 226 AD2d 554; *People v Velez,* 222 AD2d 539, *supra; People v Street,* 220 AD2d 704).

Moreover, the sentencing court's failure to state whether the sentences were to run concurrently or consecutively does not render the sentences invalid (*see,* Penal Law § 70.25). Where the court does not specify the manner in which a sentence imposed by it is to run, an indeterminate or determinate sentence shall run concurrently with all other terms (*see,* Penal Law § 70.25 [1] [a]).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.