■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUTCH LEE ROBINSON, Appellant. [690 NYS2d 670] —Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Vaughn, J.), rendered June 5, 1995, convicting him of grand larceny in the third degree and fraud pursuant to Social

Services Law § 145 under Indictment No. 1505/94, upon a jury verdict, and (2) a judgment of the same court, also rendered June 5, 1995, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 1837/94, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 1505/94 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment rendered under Indictment No. 1505/94 is modified, on the law, by reversing the conviction for fraud pursuant to Social Services Law § 145, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, that judgment is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 1837/94 is affirmed.

Contrary to the defendant's contention, the findings of the hearing court are supported by the record, which demonstrates that probable cause existed for his arrest (*see, People v Brenfield,* 188 AD2d 477, citing *People v Ward,* 175 AD2d 819). Therefore, the fraudulent Department of Social Services benefits card recovered from the defendant's person was properly admissible into evidence at trial (*see, People v Brenfield, supra; People v Brown,* 173 AD2d 629).

We agree with the defendant that his conviction pursuant to Social Services Law § 145 under count two of the indictment must be reversed because he was convicted of grand larceny in the third degree under the first count of the indictment for the same acts (*see,* Social Services Law § 145; *People v Jarvis,* 52 AD2d 1067; *People v Prim,* 47 AD2d 409, *mod on other grounds* 40 NY2d 946; *see also, People v Simonton,* 244 AD2d 1004).

The defendant's remaining contentions are without merit. Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.