■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ARCHIBALD, Appellant. [703 NYS2d 921] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered March 24, 1997, convicting him of criminal sale of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had reasonable suspicion to detain him for a prompt confirmatory identification based on the totality of the circumstances, including a general description of the perpetrator and the brief time between the occurrence of crime and the police detention of the defendant a short distance from the site of the crime (*see, People v Farr,* 262 AD2d 580; *People v Moore,* 261 AD2d 640, citing *People v Martinez,* 80 NY2d 444; *People v Sharpe,* 259 AD2d 639). Thereafter, when the defendant was identified as the seller of the narcotics, the police had probable cause to arrest him (*see, People v Farr, supra,* citing *People v Martinez, supra*). Since there was probable cause to arrest the defendant, the search incident to the arrest was proper, and the physical evidence recovered was admissible at trial (*see, People v Brenfield,* 188 AD2d 477, 478-479; *People v Brown,* 173 AD2d 629).

The defendant's claim that the trial court erred in failing to deliver an adverse inference charge based upon the People's failure to preserve a photograph taken of him after his arrest is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Morrison,* 235 AD2d 501; *People v Durio,* 175 AD2d 842, 843; *People v Hentley,* 155 AD2d 392, 394). In any event, under the circumstances of this case, the People's failure to preserve that evidence does not require reversal (*see, People v Jones,* 249 AD2d 490, citing *People v Wallace,* 76 NY2d 953).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.