■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL WARREN, Appellant. [714 NYS2d 107] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered July 25, 1997, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police "may forcibly stop or pursue an individual if they have information which, although not yielding the probable cause necessary to justify an arrest, provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Martinez,* 80 NY2d 444, 447; *People v Archibald,* 269 AD2d 602). Here, the information provided to the arresting officer by the radio transmission regarding a nearby robbery, combined with the defendant's temporal and spatial proximity

to the robbery and his flight at the sound of the officer's radio, provided the officer reasonable suspicion to pursue the defendant, and to detain him for the purpose of identification by the robbery victim (*see, People v Sharpe,* 259 AD2d 639; *People v Walker,* 236 AD2d 491). At the showup, which was close in time and place to the crime, the victim identified the defendant as one of the robbers. Therefore, the police had probable cause to arrest him (*see, People v Martinez, supra; People v Farr,* 262 AD2d 580).

Accordingly, since there was probable cause to arrest the defendant, the search incident to the arrest was proper, and the physical evidence recovered was admissible at trial (*see, People v Archibald, supra*). Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.