Following the People's summation, the defendant objected to the presence in the courtroom of one of the police witnesses, and requested that the Supreme Court provide an interested-witness charge with regard to that witness. In response, the People opined that the police officer had an absolute right to attend the proceedings because both the trial and the courtroom were open to the public. The trial court closed the courtroom, without either party requesting it and over the defendant's objection, stating that the "public part of this trial is over." After the jury rendered its verdict, the defendant moved pursuant to CPL 330.30 to set aside the verdict on the ground that, *inter alia*, he was deprived of his constitutional right to a public trial when the trial court closed the courtroom prior to charging the jury until after the announcement of the verdict. This closure was manifest error (*see, Waller v Georgia,* 467 US 39; *People v Tolentino,* 90 NY2d 867, 869; *People v James,* 284 AD2d 409), and warrants a new trial.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TOTH, Appellant. [732 NYS2d 349] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered April 14, 2000, convicting him of robbery in the second degree and unlawful possession of marihuana, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress identification testimony was properly denied. The defendant's detention for the purpose of a showup identification was based on reasonable suspicion that he had committed the recently reported robbery, which flowed from the totality of the information available to the police (*see, People v Hicks,* 68 NY2d 234; *People v Warren,* 276 AD2d 505).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Altman, J. P., Friedmann, Schmidt and Adams, JJ., concur.