■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO SANCHEZ, Appellant. [864 NYS2d 17]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), entered October 18, 2007, convicting defendant, after a jury trial, of assault in the third degree, and sentencing him to a term of 60 days, concurrent with three years probation and 50 hours of community service, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly admitted evidence of defendant's uncharged prior attacks on the victim. These acts "evince[d] defendant's intent to focus his aggression" on the victim (*People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), and provided the jury with necessary background information regarding the deteriorating relationship between the victim and defendant. The probative value of this evidence outweighed its prejudicial effect, which the court minimized by way of limiting instructions.

The court properly admitted the victim's mother's testimony that she overheard, by speakerphone, a telephone call in which the speaker apologized for hitting the victim. Although the mother, who was not familiar with defendant's voice, did not hear the speaker identify himself, there was sufficient circumstantial evidence to establish that defendant was the speaker (*see People v Lynes*, 49 NY2d 286, 291-293 [1980]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Although defendant's attorney inadvertently elicited additional testimony identifying his client as the assailant, we conclude that under the circumstances of the case, this error was neither egregious nor prejudicial (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]).

The court correctly ruled that when defendant testified that he never struck the victim on any occasion, he opened the door to a previously precluded inquiry about an incident that oc-

curred after the charged crime. Defendant's global denial of violence toward the victim was not limited to a denial of the acts charged and the prior uncharged acts already in evidence (*see People v McFadden*, 259 AD2d 279 [1999], *lv denied* 93 NY2d 1022 [1999]).

Defendant did not preserve his claim that inquiry about an incident that was the subject of pending charges violated his right against self-incrimination, or his remaining claims regarding the prosecutor's cross-examination, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.