■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHARLES, Appellant. [993 NYS2d 758]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered April 11, 2012, convicting him of assault in the second degree, criminal contempt in the first degree, criminal contempt in the second degree, and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction for assault in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt, including that he caused "substantial pain" and therefore "physical injury" to the complainant by hitting her in the head with a metal wrench (Penal Law §§ 120.05 [2]; 10.00 [9]; *see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Soto*, 184 AD2d 673, 674 [1992]; *People v Rivera*, 183 AD2d 792, 793 [1992]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by the Supreme Court's admission of certain evidence relating to his prior threats and abusive behavior toward the complainant is partially unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the evidence at issue was admis-

sible to establish the defendant's intent and motive, and was relevant as background information to explain to the jury the nature of the defendant's relationship with the complainant (*see People v Sanchez*, 73 AD3d 1093, 1094 [2010]; *People v Sanchez*, 54 AD3d 638, 639 [2008]; *People v Laverpool*, 52 AD3d 622 [2008]; *People v Melendez*, 8 AD3d 680, 681 [2004]; *People v Howard*, 285 AD2d 560, 560 [2001]; *People v Corrado*, 256 AD2d 586 [1998]). Furthermore, the probative value of the evidence outweighed its prejudicial effect, which the court minimized by way of limiting instructions.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.