People v Williams (2018 NY Slip Op 02346)





People v Williams


2018 NY Slip Op 02346


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-05144
 (Ind. No. 14-00563)

[*1]The People of the State of New York, respondent,
v
Joseph Williams, appellant.


Bruce A. Petitio, Poughkeepsie, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold and Elizabeth L. Schulz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered June 2, 2015, convicting him of criminal possession of a weapon in the third degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Police officers responded to the defendant's home, which he shared with the complainant, upon two 911 calls by the complainant indicating that the defendant had threatened to kill her while wielding a knife. Under the circumstances, the police had reasonable suspicion to believe that a crime had been committed (see People v Garcia, 20 NY3d 317, 324; People v Chestnut, 51 NY2d 14; People v Dewese, 21 AD3d 426), justifying a brief investigative detention of the defendant, during which he was asked where the knife was located.
Further, the County Court properly denied that branch the defendant's omnibus motion which was to suppress physical evidence recovered from his bedroom. The police officers entered the defendant's bedroom, which he shared with the complainant, upon the complainant's consent (see Schneckloth v Bustamonte, 412 US 218, 219; People v Cosme, 48 NY2d 286, 290-292; People v Watson, 101 AD3d 913; People v Madill, 26 AD3d 811).
The defendant's contention that the police lacked probable cause to arrest him is unpreserved for appellate review (see CPL 470.05[2]). In any event, the record demonstrates that the police had probable cause to arrest the defendant (see People v Bellow, 255 AD2d 450; People v Haynes, 251 AD2d 595).
Contrary to the defendant's contention, the County Court properly admitted evidence of his prior acts of domestic violence against the complainant as probative of the nature of the [*2]relationship between him and the complainant and probative of his motive and intent to menace the complainant (see People v Charles, 121 AD3d 802; People v Sanchez, 73 AD3d 1093; People v Sanchez, 54 AD3d 638; People v Gorham, 17 AD3d 858). Moreover, the probative value of the evidence outweighed the risk of prejudice to the defendant, particularly considering the court's limiting instruction to the jury, which served to alleviate any prejudice resulting from the admission of the evidence (see People v Beer, 146 AD3d 895; People v Charles, 121 AD3d at 803; People v Holden, 82 AD3d 1007). In addition, the prosecutor did not elicit evidence that exceeded the scope of the court's Molineux ruling (see People v Molineux, 168 NY 264; People v Echavarria, 53 AD3d 859).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his convictions of criminal possession of a weapon in the third degree and menacing in the second degree (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilty was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court