■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELIN ALEXANDRE, Appellant. [626 NYS2d 520] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 20, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Beldock, J.), of those branches of the defendant's omnibus motion which were to suppress certain items of evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in failing to suppress his statements on the ground that any waiver was ineffective due to his limited command of the English language. We disagree. " 'To constitute an effective waiver, it is not necessary that a defendant comprehend the import of the *Miranda* warnings in the abstract, so long as he is able to understand the immediate meaning of the warnings' " *(People v Acuna,* 145 AD2d 427, 430). There is ample evidence to support the hearing court's determination that the defendant sufficiently understood English to knowingly, intelligently, and voluntarily waive his rights. That determination, made by the court which saw and heard the witnesses, should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86).

The defendant's contention that the evidence was legally insufficient to establish his involvement in the robbery underlying the felony murder conviction is unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84; *People v Garafolo, supra).*

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.