■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL MACK, Appellant. [661 NYS2d 674] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 6, 1995, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the sentences imposed must run concurrently and are therefore illegal. This claim survives the defendant's waiver of his right to appeal (see, People v Callahan, 80 NY2d 273, 280; People v Seaberg, 74 NY2d 1).

Penal Law § 70.25 (2) provides, in pertinent part, that "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently". In determining whether concurrent sentences are required, the sentencing court must first examine the statutory definition of

the crimes for which the defendant has been convicted (*see, People v Laureano,* 87 NY2d 640; *People v Day,* 73 NY2d 208; *People v Catone,* 65 NY2d 1003, 1005). Because both prongs of Penal Law § 70.25 (2) refer to the "act or omission", that is, the actus reus that constitutes the offense (*see,* Penal Law § 15.00 [1] [bodily movement]; § 15.00 [3] [failure to act]), the court must determine whether the actus reus element is, by definition, the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong). If it is neither, then the People have satisfied their obligation of showing that concurrent sentences are not required (*see, People v Laureano, supra).*

Here, the "act or omission" that constitutes manslaughter in the first degree is "caus[ing] the death of [a] person or of a third person", while intending to cause serious physical injury (Penal Law § 125.20 [1]). On the other hand, "[a] person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another" (Penal Law § 265.03). It is thus clear that the actus reus is not the same for these offenses since neither the possession of a weapon nor the intent to use it is required for proof of manslaughter in the first degree. Thus, the first prong of Penal Law § 70.25 does not require concurrent sentences.

Nor are concurrent sentences required under the second prong. While in this case a weapon was used in the course of committing the manslaughter, possession of a loaded weapon with the intent to use it unlawfully is a not a material element of manslaughter in the first degree (*see, People v Robbins,* 118 AD2d 820). Moreover, the act constituting manslaughter in the first degree is not a material element of criminal possession of a weapon in the second degree because it is possible to intend to use the weapon unlawfully without actually causing serious injury.

The defendant waived his claim that the sentence was excessive (*see, People v Allen,* 82 NY2d 761; *People v Burk,* 181 AD2d 74; *see also, People v Kazepis,* 101 AD2d 816). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.