■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRON POWELL, Appellant. [671 NYS2d 138] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Steinhardt, J.), rendered August 16, 1995, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pincus, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

On December 5, 1994, at about 6:51 P.M., a police officer, on routine patrol with her lieutenant, encountered a motorist who informed her that there was a person with a gun inside a bodega at 859 Greene Avenue. The officer and the lieutenant promptly arrived at that location, and initially observed a man, Kevin Perkins, who fled but was immediately apprehended.

Upon looking inside the bodega, the lieutenant advised his colleague that there were men with guns. After the arrival of backup assistance, the lieutenant ordered the people to come out of the bodega. The four persons who complied with this command were handcuffed. Three of them accused the fourth, the defendant, of having been involved in the robbery, and "residents from the neighborhood" confirmed that these three men were in fact store employees. The three store employees also told the police that there were two other robbers who fled into the back of the store.

The defendant was placed in the patrol car, and responded in the affirmative when asked whether the two men remaining in the store were armed. Those two men, codefendants Walter Ford and Deval Wilson, were later arrested in the store base-

ment. Police officers recovered a rifle, a .38 caliber revolver, an air pistol, money, food stamps, and a black ski mask.

Later, after administration of the *Miranda* warnings, the defendant agreed to make a statement. He admitted that he went to the bodega with a rifle, and took a revolver from a store employee. He stated that he placed both of these weapons behind the counter when he saw that the police arrived. He also stated that Kevin Perkins originally agreed to participate in the robbery but changed his mind at the last moment.

On appeal, the defendant argues that he was arrested, along with the three store employees, as soon as he was handcuffed upon exiting the bodega, and that this arrest was not supported by probable cause, so that "all evidence obtained as a result of this illegal arrest must be suppressed". Under all the circumstances presented, we find that there was probable cause to arrest the defendant at all relevant times. Even assuming, for the sake of argument, that probable cause did not exist until after the defendant had been implicated by the three store employees, the momentary detention of the defendant under those circumstances was not illegal, and does not require suppression of any of the evidence subsequently obtained (*see, People v Hicks,* 68 NY2d 234, 239-241; *People v Bigelow,* 66 NY2d 417; *People v Carney,* 212 AD2d 721; *People v Arthur,* 209 AD2d 175).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.