■ In the Matter of CHEIKH F., a Person Alleged to be a Juvenile Delinquent, Appellant. [697 NYS2d 289] —In a juvenile de-

linquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Segal, J.), dated May 26, 1998, which, upon a fact-finding order of the same court, dated March 11, 1998, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminally negligent homicide, adjudged him to be a juvenile delinquent and placed him with the Commissioner of Social Services for placement with Boystown, in Nebraska, for a period of 18 months. The appeal brings up for review the fact-finding order dated March 11, 1998, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the order of disposition is reversed, on the law and the facts, the fact-finding order is vacated, that branch of the appellant's omnibus motion which was to suppress the statement made by him to the police is granted, and the petition is dismissed.

The court erred in denying the appellant's motion to suppress an incriminating statement he gave to the police on the grounds, *inter alia*, that it was obtained in violation of his *Miranda* rights (*see, People v Alexandre,* 215 AD2d 488; *Matter of Lloyd P.,* 99 AD2d 812; *Matter of Carlos P.,* 178 Misc 2d 143). Without the statement, the evidence presented was insufficient to support the court's findings of fact. However, because the presentment agency was entitled to rely on the court's suppression ruling, and the possibility remains that it can present evidence sufficient to meet its evidentiary burden, the matter is remitted for a new fact-finding and dispositional hearing, if the presentment agency be so advised (*see, People v Gonzalez,* 80 NY2d 883; *People v Perkins,* 189 AD2d 830). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur. [As amended by unpublished order entered Dec. 20, 1999.]