THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MORGAN, Appellant. [765 NYS2d 261] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered July 3, 2001, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress identification testimony. There was reasonable suspicion to temporarily detain the defendant based on the observations of the witnesses, together with the defendant's subsequent actions and those of his codefendant in turning and fleeing into a nursery school and then onto the street, when he saw Nassau County Police Officers and Hofstra University Security Officers waiting in the nursery school parking lot. His subsequent showup identification by the principal of the nursery school was justified by its spatial and temporal proximity to the scene and was not unduly suggestive (*see People v Martinez,* 80 NY2d 444, 446-448 [1992]; *People v Safford,* 297 AD2d 828 [2002]; *People v Warren,* 276 AD2d 505 [2000]). Furthermore, contrary to the defendant's contention, the manner in which he was stopped and temporarily detained did not elevate the encounter into a full-blown arrest (*see People v Hicks,* 68 NY2d 234, 239-242 [1986]; *People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Moore,* 296 AD2d 426 [2002]; *People v Powell,* 249 AD2d 422 [1998]).

The Supreme Court providently exercised its discretion in denying the defendant's motion for the assignment of new counsel (*see People v Sides,* 75 NY2d 822, 824 [1990]; *People v Sawyer,* 57 NY2d 12, 18-19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina,* 44 NY2d 199, 207-208 [1978]; *People v Garcia,* 284 AD2d 479 [2001]).

The defendant's contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence.

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.