THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIN P. CHU, Appellant. [777 NYS2d 759]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 21, 2003, convicting him of grand larceny in the second degree and forgery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that no probable cause existed to support his arrest is without merit. Probable cause to arrest exists if the circumstances known to the arresting officer would lead a reasonable person possessing the same expertise as the arresting officer to conclude that it is more probable than not that the suspect has committed or is committing a crime (*see People v Bigelow,* 66 NY2d 417, 423 [1985]; *People v Brown,* 173 AD2d 629 [1991]). Under the circumstances, the arresting officer properly relied upon the information acquired by his fellow law enforcement official (*see People v Parris,* 83 NY2d 342, 345-346 [1994]; *People v Gittens,* 211 AD2d 242, 244 [1995]).

Based upon the totality of the circumstances, the determination that the defendant validly waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) based upon his comprehension of the English language should not be disturbed (*see People v Williams,* 62 NY2d 285, 289 [1984]; *People v Corona,* 173 AD2d 484 [1991]).

Contrary to the defendant's contentions, the Supreme Court properly declined to dismiss a juror on the ground that she was grossly unqualified. In order for the Supreme Court to find a juror grossly unqualified, it must be convinced that the juror would be prevented from rendering an impartial verdict (*see People v Buford,* 69 NY2d 290, 298 [1987]). After a tactful and probing inquiry into the circumstances surrounding a deliberating juror's potential illness and possible difficulty understand-

ing her fellow jurors, the Supreme Court was convinced that these factors would not prevent the juror from reaching an impartial verdict. Such determination is to be afforded great deference (*see People v Bailey,* 258 AD2d 807 [1999]), and we perceive no basis to disturb the determination on appeal.

The defendant received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.