**Marcelin ALEXANDRE, Petitioner–Appellant,**

v.

**Daniel A. SENKOWSKI, Respondent–Appellee.**

No. 03–2556.

United States Court of Appeals, Second Circuit.

March 1, 2005.

Roland Acevedo, Seiff Kretz & Abercrombie, New York, NY, for Appellant.

Sholom J. Twersky, Assistant District Attorney for Kings County (Charles J. Hynes, District Attorney, Leonard Joblove, Amy Appelbaum, Assistant District

Attorneys), Brooklyn, NY, for Appellee, of counsel.

Present: KEARSE, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AF-FIRMED.

■ The petitioner-appellant, Marcelin Alexandre, appeals from the denial of his petition for a writ of habeas corpus. Alexandre was convicted in state court, after a jury trial, of counts of second degree murder, first and second degree robbery, fifth degree criminal possession of stolen property, and second degree possession of a weapon; he was sentenced to consecutive prison terms for the murder and robbery convictions, resulting in a sentence of 33 and 1/3 years to life in prison. The Appellate Division affirmed the judgment of conviction. *See People v. Alexandre*, 215 A.D.2d 488, 626 N.Y.S.2d 520 (2d Dep't 1995). Leave to appeal to the New York Court of Appeals was denied. *See People v. Alexandre*, 86 N.Y.2d 789, 632 N.Y.S.2d 502, 656 N.E.2d 601 (1995) (table). The Appellate Division also denied Alexandre's two applications, based on several claims of denial of effective assistance of counsel, for a writ of error *coram nobis*. *See People v. Alexandre*, 259 A.D.2d 490, 490, 684 N.Y.S.2d 891, 891 (2d Dep't 1999) (finding that Alexandre had "failed to establish that he was denied the effective assistance of appellate counsel"); *People v. Alexandre*, 285 A.D.2d 555, 555, 727 N.Y.S.2d 908, 908 (2d Dep't 2001) (same).

Alexandre filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. The district court considered all of the claims on the merits and denied the writ. *See Alexandre v. Senkowski*, Nos. 97–CV–2482, 03–MISC–0066, 2003 WL 21822279, 2003 U.S. Dist. LEXIS 13648 (E.D.N.Y. July 31, 2003). The court granted a certificate of appealability with respect to four of Alexandre's claims of ineffective assistance of counsel as well as his claim regarding the trial court's failure to suppress his post-*Miranda* statements. *Alexandre*, 2003 WL 21822279, at *14, 2003 U.S. Dist. LEXIS 13648, at *41–42; *Alexandre v. Senkowski*, No. 97cv2482, at 2 (E.D.N.Y. Aug. 8, 2003) (amending the phrasing of one of the claims certified for appeal). This Court denied Alexandre's application to expand the certificate of appealability.

This Court reviews *de novo* a district court's decision to grant or deny a habeas petition. *See Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir.2003). However, we review a district court's findings of fact for clear error. *See Jenkins v. Artuz*, 294 F.3d 284, 290 (2d Cir.2002).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a state prisoner's petition for a writ of habeas corpus with respect to any claim "adjudicated on the merits" by a state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Furthermore, a federal habeas court cannot review federal claims that were "defaulted ... in state court pursuant to an independent and adequate state procedural rule" unless the petitioner can show "cause for the default and actual prejudice" or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*,

501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Finally, although a federal court may deny a writ of habeas corpus on the merits even if the petitioner has failed to exhaust state remedies, 28 U.S.C. § 2254(b)(2), "there exists no complementary power to grant a habeas petition on an unexhausted claim," *Aparicio v. Artuz,* 269 F.3d 78, 91 n. 5 (2d Cir.2001); 28 U.S.C. § 2254(b)(1).

Three of the four ineffective assistance of counsel claims Alexandre raises in this appeal were adjudicated on the merits by the Appellate Division. *See Alexandre,* 259 A.D.2d at 490, 684 N.Y.S.2d at 891; *Alexandre,* 285 A.D.2d at 555, 727 N.Y.S.2d at 908. We conclude that these adjudications were not "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

"[T]he [constitutional] right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A defendant who claims to have received ineffective assistance of counsel must show both that "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that "deficiencies in counsel's performance [were] prejudicial to the defense," *id.* at 692. This test is applicable for claims of ineffective assistance of trial as well as appellate counsel. *See Aparicio,* 269 F.3d at 95 (citing *Evitts v. Lucey,* 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)). It is clear that "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a defendant] [is] entitled." *Id.* at 99 (internal quotation marks and citation omitted).

Alexandre's claim that he received ineffective assistance of appellate counsel because counsel failed to challenge the trial court's denial of Alexandre's request to proceed *pro se* lacks merit. A criminal defendant in a state trial has a "constitutional right to conduct his own defense." *Faretta v. California,* 422 U.S. 806, 836, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, in deciding whether to grant such a request when it is made "[a]fter trial has begun, a trial court ... must balance the legitimate interests of the defendant in self-representation against the potential disruption of the proceedings already in progress[, taking into consideration] the defendant's reasons for the self-representation request, the quality of counsel representing the party, and the party's prior proclivity to substitute counsel." *Williams v. Bartlett,* 44 F.3d 95, 99–100 n. 1 (2d Cir.1994) (citations omitted). In this case, the context of the court's denial of Alexandre's request, which Alexandre made just before summations, shows that the denial was based primarily on the court's assessment that Alexandre was attempting to disrupt proceedings and cause a mistrial. The rhetorical question posed by the court concerning Alexandre's need for an interpreter, when read in this context, does not indicate that the court squarely based its denial on an impermissible ground such as the defendant's "lack[ ][of] the requisite education, background or training or experience," *Johnstone v. Kelly,* 808 F.2d 214, 216 (2d Cir. 1986) (internal quotation marks omitted), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987).

■ Alexandre's claim of ineffective assistance of appellate counsel based on counsel's failure to challenge the trial court's failure to order a competency hearing also lacks merit. "A defendant may not be put to trial unless he has sufficient

present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (internal quotations and citations omitted; alterations in original). "'[A] hearing must be held when there is reasonable ground for a [trial] court to conclude that the defendant may not be competent to stand trial,'" *Harris*, 346 F.3d at 350 (quoting *Nicks v. United States*, 955 F.2d 161 (2d Cir.1992); second alteration in original); however, "'[t]here are ... no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed,'" *id.* (quoting *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); alterations in original). In this case, contrary to Alexandre's contention, the testimony given at a pretrial hearing by a forensic psychiatrist, Dr. Timothy White, did not suggest that further inquiry into the issue of Alexandre's competency was warranted. We agree with the district court that "[t]here is nothing in the trial or hearing transcripts that hints of petitioner's inability to understand and participate in the proceedings initiated against him." *Alexandre*, 2003 WL 21822279, at *10, 2003 U.S. Dist. LEXIS 13648, at *30.

■ Alexandre's claim of ineffective assistance of appellate counsel on the ground that the latter failed to raise trial counsel's failure to move to reopen the *Wade* hearing regarding pre-trial identification—after the complaining witness, Myron Tubbs, testified—likewise lacks merit. The use of unduly suggestive procedures in pre-trial identifications of suspects raises due process concerns because of the danger of misidentification. *See Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. Wade*, 388 U.S. 218, 235, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). As noted by the district court, the record pertaining to the sequence of events regarding the lineup—particularly, at what point Tubbs told the police that his assailant had a flattop haircut—is "somewhat ambiguous," *Alexandre*, 2003 WL 21822279, at *11, 2003 U.S. Dist. LEXIS 13648, at *34. However, no reasonable reading of the record—which indicates that Tubbs told the police officers about the haircut either after he picked Alexandre out of the live lineup or after he identified him from the lineup photographs—supports Alexandre's claim.

■ As for Alexandre's claim that he was denied effective assistance of appellate counsel because the latter failed to raise trial counsel's failure to object when, according to Alexandre, the trial court refused to allow him to testify with the aid of an interpreter, this claim is not properly before us, insofar as it differs from the claim—focusing on the denial of effective assistance of *trial* counsel for not objecting to the court's refusal—that was certified for appeal by the district court. *See Alexandre*, 2003 WL 21822279, at *14, 2003 U.S. Dist. LEXIS 13648, at *42. We cannot address issues not included in the certificate of appealability, even when the issue is related to one contained in the certificate. *See Hines v. Miller*, 318 F.3d 157, 162 (2d Cir.2003). We note that even if we could review this claim—which appears to be unexhausted in the state courts—we would deny it on the merits, *see* 28 U.S.C. § 2254(b)(2), because the record shows that Alexandre's underlying contention that the trial court refused to allow him to testify with the aid of an interpreter is inaccurate.

■ Finally, Alexandre's claim that the hearing court's finding that he knowingly and voluntarily waived his *Miranda* rights

was an unreasonable determination of the facts—in light of testimony from Dr. White that Alexandre's knowledge of English was insufficient for him to understand the *Miranda* rights that were read to him in English—must likewise be rejected. State court determinations of subsidiary factual questions underlying the question of voluntariness in this context are subject to the presumption of correctness set forth in 28 U.S.C. § 2254(e)(1), *see Thompson v. Keohane*, 516 U.S. 99, 110, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995) (citing *Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985)), and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence," 28 U.S.C. § 2254(e)(1). Alexandre has not met this burden here; indeed, the hearing minutes indicate that the court's finding—which was based on the court's evaluation of the credibility of all of the testimony presented to the court as well as Alexandre's videotaped statement and the court's own observation of Alexandre during the proceedings—was not an unreasonable determination of the facts.

Thus, Alexandre has stated no basis on which habeas relief can be granted.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.