■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ARMSWORTH, Appellant. [813 NYS2d 100]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 2, 2003, convicting him of robbery in the first degree (two counts), robbery in the second degree (four counts), criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosenzweig, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's claim that the police officers lacked reasonable suspicion to detain him is without merit. The defendant essentially matched the general description of the perpetrator given by the complainant. Shortly after the incident, the defendant was seen walking in the location and direction indicated by the complainant. He was the only person in the vicinity where the complainant indicated the perpetrator had fled, and he quickly veered from the sidewalk into a driveway immediately upon observing the police following him (*see People v Morgan,* 309 AD2d 768 [2003]; *People v Vaughan,* 293 AD2d 693 [2002]; *People v Warren,* 276 AD2d 505 [2000]; *People v Sharpe,* 259 AD2d 639 [1999]). Given the totality of the circumstances, the police had reasonable suspicion to briefly detain the defendant pending a showup identification by the complainant (*see People v Morgan, supra*). The showup was not unduly suggestive (*see People v Sharpe, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Schmidt, J.P., Rivera, Skelos and Lifson, JJ., concur.