■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MADRID, Appellant. [859 NYS2d 717]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng., J.), rendered March 14, 2006, convicting him of murder in the second degree, attempted murder in the second degree (two counts), assault in the first degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the police pursuit and stop was not based on reasonable suspicion is without merit as the defendant was found in close temporal and spatial proximity to the scene of the subject crimes, fit the description given in the radio transmission, and was fleeing by bicycle as described in that transmission (*see People v Armsworth,* 27 AD3d 571 [2006]; *People v Martinez,* 17 AD3d 606 [2005]; *People v Sharpe,* 259 AD2d 639 [1999]). Once the police officers saw the defendant remove a gun from his clothing, that reasonable suspicion ripened into probable cause for his arrest (*see People v Strickland,* 291 AD2d 420, 421 [2002]).

There is no basis to disturb the hearing court's determination that the defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]). The record supports the court's finding that the defendant had a sufficient command of the English language to appreciate the import of the *Miranda* warnings prior to both of his statements (*see People v Tin P. Chu,* 8 AD3d 399 [2004]; *People v Zadorozhnyi,* 267 AD2d 263, 264 [1999]; *People v Alexandre,* 215 AD2d 488 [1995]).

Thus, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the physical evidence seized during his arrest and his statements to law enforcement officials.

The Supreme Court did not err in directing that the terms of imprisonment imposed for criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree were to run concurrently with one another but

consecutively to the terms of imprisonment imposed for murder in the second degree, attempted murder in the second degree (two counts), and assault in the first degree (three counts). The record supports the conclusion of the Supreme Court that the weapons possession offenses arose from an act separate from the acts underlying the remaining charges (*see* Penal Law § 70.25; *People v Laureano,* 87 NY2d 640, 643 [1996]; *People v Reyes,* 301 AD2d 540, 541 [2003]; *see also People v Mack,* 242 AD2d 543 [1997]).

The defendant's remaining contention, that the consecutive terms of imprisonment imposed violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]), is unpreserved for appellate review (*see People v Daniels,* 5 NY3d 738, 740 [2005], *cert denied* 546 US 988 [2005]; *People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Bryant,* 39 AD3d 768, 769 [2007]; *People v Crosby,* 33 AD3d 719, 720 [2006]). Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.