■ The People of the State of New York, Respondent, v Rabi R. Sanchez, Appellant. [902 NYS2d 468]—Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered November 16, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, sexual abuse in the first degree, and sexual misconduct.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree

(Penal Law § 130.50 [2]), sexual abuse in the first degree (§ 130.65 [2]), and sexual misconduct (§ 130.20 [2]). Defendant contends that County Court erred in refusing to suppress his statements to the police on the ground that the People failed to establish that he understood the *Miranda* warnings that were given to him in English and thus that he did not voluntarily waive his *Miranda* rights. We reject that contention. "The court credited the testimony of the police that defendant understood the *Miranda* warnings and responded with appropriate answers to the questions he was asked" (*People v Gerena*, 49 AD3d 1204, 1205 [2008], *lv denied* 10 NY3d 958 [2008]), and the record supports the court's determination (*see People v Madrid*, 52 AD3d 530, 531 [2008], *lv denied* 11 NY3d 790 [2008]; *People v Alexandre*, 215 AD2d 488 [1995], *lv denied* 86 NY2d 789 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.